UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS PRODUCE MARKET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1912 RWS |
| ) | |
| CLARENCE HUGHES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is about a dispute over an employment separation agreement. The agreement was drafted to state the terms of Defendant Clarence Hughes' separation of employment from Plaintiff St. Louis Produce Market. St. Louis Produce Market asserts that it's counsel provided Hughes' counsel with the agreement and directed Hughes' counsel to call or email any suggested changes to the document. St. Louis Produce Market claims that the agreement was unilaterally materially altered by Hughes without any notice to St. Louis Produce Market or its counsel. It claims that the altered agreement was presented by Hughes to St. Louis Produce Market 's president, Bruce Rubin, to sign without disclosing the alterations and intimating that it was the original agreement proposed by St. Louis Produce Market. Rubin, believing it was the original agreement, signed the document only to discover a short while later the original agreement terms had been drastically altered. St. Louis Produce Market seeks a declaration that the agreement is unenforceable because it was procured through a fraudulent and/or negligent misrepresentation by Hughes. In response Hughes has filed counterclaims. The parties have filed several pending motions which I now address.

*St. Louis Produce Market's motion to dismiss Counts II and IV of counterclaim*

St. Louis Produce Market filed a motion dismiss and/or for a judgment on the pleadings of Counts II and IV of Hughes' first amended counterclaims. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

Count II of Hughes' counterclaim is an intentional misrepresentation claim which asserts that St. Louis Produce Market misrepresented to Hughes that Rubin had full authority to negociate, resolve and settle the terms of the separation agreement.

In support of his misrepresentation claim Hughes asserts that following representations were false: (1) a letter dated October 2, 2009 to Hughes from St. Louis Produce Market stating that "all inquiries or follow (sic) should be directed to Bruce Rubin"; (2) an email of October 6, 2009 sent from St. Louis Produce Market's counsel to Hughes' counsel stating "I am not in a position to negotiate the economic terms as that is supposed to be between Clarence [Hughes] and Bruce Rubin"; and an email of October 22, 2009 sent from St. Louis Produce Market's counsel to Hughes' counsel stating "If your client wants to negotiate the terms, he need to do so with Bruce Rubin to achieve a meeting of the minds."

These facts do not support a claim for intentional misrepresentation. They do not support a claim that St. Louis Produce Market misrepresented anything to Hughes. These facts support only the uncontested fact that Rubin had authority to negotiate the negotiate terms with the intent

that the parties achieve "a meeting of the minds." This claim will be dismissed because it fails to allege facts to state a claim for relief that is plausible on its face.

In Count IV of his counterclaim Hughes asserts a violation of the Missouri Service Letter statute under § 290.140 R.S.Mo. Hughes alleges that the letter failed to address the character of Hughes' service. This allegation is not supported by the language of the letter which Hughes attached as an exhibit to his counterclaim. The letter clearly states the nature and character of Hughes' service. As a result, I will grant St. Louis Produce Market's motion to dismiss this counterclaim.[1]

*Hughes' motion to disqualify St. Louis Produce Market's counsel*

Hughes has moved to disqualify St. Louis Produce Market's counsel and law firm based on the fact that Hughes attended a meeting at that law firm on September 2, 2009 to discuss a separation of employment agreement. Hughes' motion acknowledges the fact that the law firm was clearly only representing St. Louis Produce Market at the meeting. Hughes does not offer any legal basis or argument why his motion should be granted. In addition, Hughes, having attended the meeting, knew what was discussed at the meeting at the time he was served with this lawsuit on November 2, 2009. His motion to disqualify does not offer any explanation why he waited for this lawsuit to proceed for six months before filing the motion.

This lawsuit concerns whether the separation agreement between the parties is valid. This suit does not concern the circumstances or claims surrounding Hughes' termination of employment. Because Hughes' motion fails to assert a legal basis for disqualification and because Hughes waited for six months after this case was being actively litigated to file the

---

[1] This ruling makes St. Louis Produce Market's motion to strike Hughes' reference to punitive damages in Count IV moot.

motion it will be denied.

*Hughes' motion for a judgement on Count I of his counterclaim*

Count I of Hughes' counterclaim is for breach of contract. Hughes seeks a judgment on his pleading as to that claim. While Hughes may have properly stated a claim in this pleading he has not proven that he is entitled to a judgment. The record reflects that there are material issues of disputed fact that prevent a judgment for Hughes on his breach of contract claim. As a result, his motion will be denied.

*Rubin's motion to dismiss, for a judgment on the pleading, or for a more definite statement as to Count III of the counterclaim*

In Count III of the counterclaim Hughes asserts an intentional misrepresentation claim against Rubin. Hughes asserts that Rubin misrepresented that he had the authority to "negotiate directly with [Hughes] to resolve and settle the terms of [Hughes'] severance compensation as executed by Mr. Rubin" in the separation agreement. Hughes asserts that he relied on Rubin's representations in reaching the settlement that was executed by Rubin and Hughes.

However, Hughes' counterclaim does not reveal any facts (written or oral representations made by Rubin) to support this claim. Unlike the misrepresentation claim in Count II which sets forth specific statements made by St. Louis Produce Market through its agents, Count II does not provide any specific statements or representations made by Rubin to Hughes. It merely states legal conclusions which do not support a claim for relief.

Moreover, Rubin would not be personally liable for any alleged damages sustained by Hughes. Hughes does not assert that Rubin was acting in his own interest in the settlement negotiations. It is clear from the pleadings that Rubin was acting on behalf of and as the agent for St. Louis Produce Market. The issue before the Court is whether the separation agreement is

enforceable or void. If Rubin, as St. Louis Produce Market's agent, made material misrepresentations to Hughes to induce him to enter the agreement, such evidence will be used to determine if the agreement is enforceable or not. If the agreement is unenforceable, Hughes does not have any independent claim against Rubin for damages. Therefore, St. Louis produce Market's motion to dismiss this claim is well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff St. Louis Produce Market's motion to dismiss Counts II, III and IV of Defendant Hughes' counterclaim [#24 and #40] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion to strike paragraph 33 of the counterclaim [#26] is **DENIED** as moot.

**IT IS FURTHER ORDERED that** Defendant Hughes motion to disqualify [#29] and motion for a judgment on the pleadings [#32] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2010.